Number 16351, Robert Chase v. U.S. Postal Service et al. Thanks. Good morning. May it please the court, my name is Lori Jodewin and I represent the plaintiff, Robert Chase, the employee in this matter. May I please reserve two minutes for rebuttal, sir? You may. Thank you. One thing that we can all agree on in this case is that there are no logic words that are required in order for FMLA protections to apply. But the result of this bench trial decision is that employees would have to go repeatedly to their manager, to the upper level manager, to the HR manager, and remind them about their FMLA leave. We know this cannot be the correct result. Employees are typically not in the office when they are on FMLA leave. What the FMLA guarantees them is the opportunity to be out of work and to recover from a serious health condition, to care for a family member with a serious health condition, to give birth, to be in the hospital. They are not supposed to be having the obligation to notify repeatedly their employers that their leave is protected. Ignorance of the law is not a defense. And yet this decision reads a new defense into the FMLA. Well, you know, what Judge Woodlock said is that the law requires intentional discrimination, which is hardly a point you can argue with. And that if the decision maker is in good faith, is unaware of the FMLA aspect of the case, and that belief on the decision maker's part is reasonable, that the discrimination can't be intentional discrimination based on an FMLA animus. That's a perfectly principled thesis. It may be legally incorrect, but it doesn't do any good to castigate it as such. You've got to explain why it's legally incorrect. It's legally incorrect because if you look at all of our retaliation case law, what matters is knowledge of the protected activity, not knowledge that the protected activity violates a particular law. As my sister counsel has pointed out in her briefs, we don't expect managers to be FMLA specialists. What we expect them to do is not mistreat people for taking medical leave. But cases have always required that there be some knowledge that ties the decision maker's animus to the protected characteristic. How, I wonder, on your theory, would you resolve the case if the decision maker without any knowledge or any reason to have any knowledge of an employee's religion fired the employee? Could the employee then say that the company had discriminated against him because he was Jewish, even though the decision maker didn't know he was Jewish? The fact was he was Jewish. Right. Your Honor, in that case the manager wouldn't have any knowledge of the protected conduct. The protected conduct was he would have perfect knowledge of the fact that he didn't want the employee around, right? No. Just the same way as he, the decision maker, didn't want Chase around, thought he was abusing workers' compensation leave. The protected conduct here is the medical leave. In the example that you're giving, the protected conduct would be preying on work. The difficulty is in this case there's two kinds of leave, one of which is protected and one of which is not. And we know he intended to retaliate for taking leave. The question is, does that overlapping quality affect things when all we know the supervisor knew when he was taking was the unprotected leave? So how do you answer that? But that's to me the difficulty in the case. If this employee had said to the supervisor, boy, I'm enjoying my unprotected leave. And the supervisor said, well, I'm going to retaliate against you for taking it. But in fact it was FLMA protected leave and it was on some database in the employer's books that the supervisor never knew about. Is the supervisor still liable for retaliating? The only way that an employer can revoke his FLMA rights is by an express declination of FLMA rights. So in the example I gave, the supervisor is still liable? Yes. Even when he's been told by the employee that the only leave he's taking is not FLMA protected? Well, he's talking to him about what he believes is an unprotected leave. His knowledge doesn't matter. It's the employer's responsibility to understand. Okay, because I wouldn't think we had to go that far. Because couldn't we just say that since in general before you can deny the leave, the employer has some duty of inquiry, as long as enough has been put in play to put the employer on notice before they can deny the leave. Why shouldn't the same standard apply with respect to discriminating against the leave? And here I would take your argument to be that there's enough in the record that if the employer is going to go around making fun of someone for taking leave, they better be sure it's not FLMA protected leave, at least on these facts. The employer terminates an employee on medical leave at its peril. It's their responsibility to understand what they're doing. And in this case, there's no question that he was on FLMA leave, and it was designated as such by the employer. This is not a close call. This isn't a case where it was just inquiry notice or he just saw the accident. And that's why you say that if we hold otherwise here, we're effectively requiring employees who have protected leave to constantly be making that known to their supervisors in order to enjoy the protection against being discriminated for taking it. Correct. And that cannot be the correct result. And just to get back to what we were talking about in terms of waiving FLMA rights, you can't waive it. You can expressly decline it. There's zero evidence in the record, nothing, that Mr. Chase did that. And the judge doesn't say to anything in his decision either. And in this case, Mr. Chase knew that the employer, not the supervisor, was granting him protected leave. That's correct. He applied for it from their normal process, and he was approved for it, and he received a designation notice saying not only that he was approved for FLMA leave, but that if he was also taking paid leave, that the paid leave was going to run concurrent with his FLMA leave. So does this depend on a kind of constructive knowledge idea, then, with respect to the employer? Because there's no evidence the supervisor knew. I'm not challenging the factual findings of the judge. I do think that whether that was a reasonable belief or not to have thought it was FLMA or not may change depending on if the legal error is reversed in this case. But I'm not challenging that factual finding. I'm accepting it, and I think that we still should prevail regardless. So just walk me through, then, textually, how you can have intentional discrimination based on constructive knowledge. Let me give you an example from Title VII. In Title VII, you have an employee who's a cashier, and she complains of sexual harassment to a customer. The manager doesn't like it, doesn't think it's protected, fires her because he's upset that she did that. The protected conduct is that complaint. Whether that ends up being protected or not in a court of law isn't the issue. The issue is the protected conduct is the complaint that she made, and the manager's animus was toward that complaint. And it doesn't have to be animus towards a complaint that he understood to have been protected by Title VII. But he has to know it was a Title VII complaint. He has to know that the person was complaining of sexual harassment. If she made a complaint about the air conditioning was too cold, that wouldn't be enough. It's got to be the knowledge is that what I'm retaliating for is the protected thing. In that case, as long as it comes with enough markings that it was a complaint under Title VII about the discrimination, then presumably the employer is liable for it. The intent is to take an adverse employment action based on a complaint of sexual harassment, not whether it was intentional, knowing, willful, malicious. Those inquiries go to punitive damages, whether you should have punitive damages under Title VII. And the same thing goes for the FMLA. When we start to talk about being intentional and knowing and willful, but take the Title VII case. If I tell one supervisor that I've made a Title VII complaint, and then the person who retaliates against me is a different person who never spoke to that supervisor, I thought we usually say that that's not evidence of retaliation. There's cases that go back locally on that, Your Honor, about how much the decision maker needs to know. He's got to know something. The decision maker does need to know something, Your Honor. And what the judge in this case found was that he knew about the injury and he knew about the medical leave and that he acted intentionally to take an adverse employment action against him based on that knowledge. But in order to get to where you are, you have to say that there was a knowing violation involving the FMLA leave. If you've already conceded that the judge, you're not trying to set aside the judge's finding, his conclusion, that he could not have retaliated on that basis because he didn't even know about it. So if you concede that, then you're saying, I think, that if there's FMLA leave combined with some other leave, that that somehow, even though one doesn't know about it, that if you're terminated, you look at the FMLA. I just have some difficulty with that. Going back to the facts of this case, the manager went to the scene of the accident, saw the injury, saw the employee being taken away. He saw he was injured. He didn't know that he took FMLA leave. The court concluded that there was no retaliation because of that. So how do we get to using the FMLA leave to satisfy the retaliation? He not only didn't know that he took FMLA leave, but he knew affirmatively that the man had taken workers' compensation leave, which was a signal or should have been a signal to most people that that would have been the sole leave he needed. The policy at issue, the policy of the United States Postal Service as well as the designation notice that was sent to the manager, are we going to reward our managers for not opening their mail or claiming not to open their mail? It says that it's designated. That goes to the reasonableness. That goes to whether or not the district court found that, in good faith, this manager didn't know. And you've got to fight. That's what distinguishes this case. The district court said this is a very odd, unusual case because here there was a good faith, reasonable belief on the part of the supervisor that he was dealing exclusively on this issue with workers' compensation leave, not with FMLA leave. There's no good faith in terminating an employee for taking a medical leave that's designated as FMLA protected. And once the judge made the finding that the medical leave that was FMLA protected was used as a negative factor in Mason's factual finding, the liability should have entered. Here, the employer granted the FMLA leave. If the facts were the same, but we weren't dealing with a retaliation case and we were dealing with the request for leave, so he says, I'm injured, I'd like to take the leave, I have workers' comp, the supervisor says, oh, I'm not going to give you the work, you shouldn't be able to take the leave. Could he bring an FMLA claim then and win for the denial? Because I understand your point to be yes, he could, because the employer would have some obligation to make sure there was an FMLA protection for the request of leave before denying it. And I think Judge Woodcock acknowledges that in his decision, that even these inquiry notice cases provide that kind of notice. So I guess the force of your argument, if I get it, is how can it be if that's true that the retaliation standard is different? Correct. I think I'm out of time, sir. Thank you. Good morning. May it please the Court. Christina Wickers for the United States Postal Service and Mr. King. Chase's main arguments are really applicable to an FMLA interference claim, and Mr. Chase pled both interference and retaliation. He lost on both claims, but the only claim on appeal is FMLA retaliation. And the distinction is important because, Judge Selya, as you noted, this Court has held, in fact, just last week, just last year in the Amin decision, that to prove FMLA retaliation, the plaintiff must show that the decision maker knew that the plaintiff took protected activity under the FMLA. And, in fact, this Court has held that knowledge to be required to prove retaliation under every single employment statute this Court has ever examined. And Judge Woodcock made a reasonable, factually supported, evidence-supported decision here on the unique facts of this case, that Mr. King knew that Mr. Chase was on workers' compensation leave, but did not know that he had opted for FMLA protection to run concurrently with 12 weeks of that. But the same facts could have been brought as an interference claim, and then you'd say it's fine? No, I don't think so. But I think that those arguments that Ms. Jodewin was raising about how you don't have to have them. But you think they lose even as an interference argument, and presumably for the same reason. I do. But I'm just saying those arguments really relate to the analysis that this Court established in Hodgins distinguishing between interference claims and retaliation claims. But the reason I ask is I thought there was a reg that applied to all of it, and it doesn't seem to distinguish among the different. Well, that's true in the sense that this Court has said there is a retaliation claim under FMLA available from Section 2615A1. Some courts find it in a different section, but that's where this Court has found it. But this Court has also acknowledged that the text of that section does not actually prohibit retaliation, but there's an implicit right. So this Court has inferred a claim. And it turned to that regulation. So the problem here is you've got an inferred right for a cause of action that this Court said, all right, we're going to have a cause of action, but we're essentially going to make it a higher standard of proof in that we're going to require that the decision-maker have knowledge of the underlying protected activity. Now Mr. Chase is saying, well, you should go further and say that the decision-maker doesn't have to have that knowledge at all because that's really what interference is about. But I think what she's saying is you just have to have the same knowledge that you'd be held to have before you could deny the leave. I think that is what she's saying, and I think that's true in an interference claim. So if I can give an example. Courts across the country have distinguished. Let's say that a person takes a leave of absence and thereafter is fired. If the employer says, I fired that person for taking an unauthorized leave of absence, and the plaintiff says, no, no, that was FMLA covered. Maybe you didn't designate it as such, but for heaven's sake, I was in the hospital. That was a serious health condition. If you'd just asked me, I would have told you. That's where the courts say, we look at that as an interference claim. And so it doesn't matter that the employer in that situation didn't know that the leave of absence was FMLA protected because that is a prescriptive right. The employee has the right to take that leave. As opposed to the situation where the employer doesn't say, I fired you for the absence, the person takes an FMLA leave, thereafter is fired, and the employer says, you're fired for some unrelated, lawful, some performance or misconduct reason. Then the issue for the decision maker is, well, which was the real reason? And that's viewed as, that's analyzed under the retaliation theory. Again, it comes from the same statutory language, but that's how this court and others has distinguished between the two and said, in that kind of a situation, the decision maker must have known that the leave taken was FMLA protected. In the first situation, it does not need to know that. The thrust, I think, of Mr. Chase's argument is really that it is unfair. I think what he's saying... That means on these facts, if they had plotted his interference, he'd win. But, no, because it was not an interference claim at all. This court would have said, that is not an interference claim. This is retaliation. Well, why then? They just would have said that, I took the leave, I was fired, you must have known it was FMLA leave. The employer would say, no, I must not have known because I thought it wasn't FMLA leave. And the answer would be, but you should have known it was FMLA leave if you had looked into it. No, because we didn't interfere with his FMLA leave. He got 12 weeks. In fact, he got seven months of leave. We didn't interfere with his right to take FMLA leave. Because retaliating for taking it is not interfering with it? Well, it's a tough question to answer because the statute doesn't say it. This court has found an implicit right. So then it is interfering with it. No, it's not interfering with it. The theory is retaliation, but it was not proved here because the decision maker didn't know the underlying conduct. Absolutely, Judge Woodlock made a factual finding that the decision maker knew that Mr. Chase had taken workers' compensation leave, and he made a factual finding that that fact, that he took workers' compensation, that he took a leave of absence, was a negative factor in the termination decision. And I think the thrust of the plaintiff's argument is, that's really unfair. There's some facial appeal to that argument. The problem is, really what he's angry about is that this was workers' compensation retaliation, and Congress has decided in enacting the law that gives federal employees workers' compensation rights, FECA, that retaliation is not unlawful. We can debate the merits of that policy decision all day long, but that's Congress's decision. And the court should not now graft onto a statute a cause of action for FMLA or any other statute. So your position is that there can be a disjunction in the sense that the grounds for denying the leave, the knowledge we attribute to you before you can deny the leave, is distinct from the knowledge we have to find you have before you can be held to punish you for taking the leave. Yes. And just walk me through what the sense of that is, because the force of the  they can't deny me the leave, I then get the protection of it. Right. Now that I have it, I guess I have to just keep telling people that I have FMLA leave if I want to be protected against being punished for taking it. Well, no. In the ordinary course, Judge Woodlock said these were unique facts. It's a weird case. In the ordinary course, the manager knows the person is on FMLA leave. In the ordinary course, as you pointed out before, Judge Perrin, to take a case where it's FMLA leave, that it was taken, there is no argument for saying it was workers' comp leave. Right. But no one ever told the supervisor he's on FMLA leave. And the supervisor says, I thought it was workers' comp leave. That's the only reason I'm harassing him. Well, then it turns on whether that belief, whether the fact finder finds that that belief, alleged belief, is in good faith and reasonable. And in that case, I would, based on the limited facts that you just stated, I would say that's not reasonable. You don't have any reason to believe in this case where some employee is absent, it's FMLA leave, and the supervisor on his own decides, hmm, it must be workers' compensation leave. I mean, obviously, there's always more facts that the supervisor knows or doesn't know about the nature of the leave. But in an interference case. So your business is, we presume that it's FMLA protective leave and we can attribute that to the employer and we should do so, the supervisor, unless there's some particular reason to think the supervisor didn't have that knowledge. Is that the idea? You mean in the facts of this case? Or in general? General. No, no, not necessarily. So, for example, if an employee has pneumonia, goes in the hospital for a week and takes sick leave for it, there is no reason for an employer to, that would qualify for FMLA protection because that's a serious health condition, but there's no reason for an employer to assume that that is also FMLA protected. The employer knows that the person is out on sick leave, but that's all he or she knows unless, of course, the person has also applied for FMLA protection. And so if the supervisor then harasses the person for taking that sick leave for their pneumonia, no remedy? Even though the FMLA ensures that they get that and they couldn't have been denied the right to take that week with pay? Or without pay, I guess? I think... Unless there's a disjunction in the situation, then you're lying to the sick that you have a sign-up, you know, I got a FMLA leave. So in that situation, the person takes one week of leave, right, just under the sick leave policy of the company, and the employer fires the employee. I think the employee would have an FMLA interference claim, even though, and that's exactly what happened in, I think it was back shoulder, out of the Ninth Circuit, where the, no, sorry, out of the Seventh Circuit, where Judge Easterbrook said, look, you're on enough notice, you're on enough notice that the employee needed, so in that case, and I apologize that I can't remember which, I'm sorry, it's the Byrne v. Avon Products case out of the Seventh Circuit. In that case, the employee was a stellar employee for four years. All of a sudden, sleeping on the job, sick, and the, well, sleeping on the job, the employer says, you need to come to a meeting. He doesn't show up. Why? Because he's busy trying to commit suicide. The employer calls the person's house. The sister says, my brother is extremely sick. They fire him. He doesn't ask for an FMLA leave. He goes on, then after two months, he's better, and asks for his job back, and they say, no, you can't have it. I think the District Court Award is not recharged for the employer, and the Court of Appeals properly reversed that, saying, look, that should go to a jury to say whether the employer was on notice, that was an interference case, not a retaliation case, whether the employer was on sufficient notice that this person needed leave to take care of a serious health condition, which would be protected under the FMLA. And that's why knowledge that is not always required, you don't have to have knowledge that the person requested, and in that case he did not request officially FMLA leave in an interference case. But retaliation is different because you have to prove causation, and to prove causation you need a retaliatory motive or animus. So you need, how can a person retaliate against somebody for doing something that he didn't know about? Well, I guess the idea would be just like we sometimes say if you defraud a bank, the bank has to be a federally insured financial institution, but you don't have to know it's a federally insured financial institution. It's unlucky for you, the bank that you defrauded was one. That makes it a federal crime. I think the theory here is you can't take action against somebody for taking the leave if it turns out that leave was FMLA protected without violating FMLA, and unlucky for you that you didn't find it out. So I think what you're saying is unless it's just completely reasonable that you didn't know. That's right, and I think it is important that as you just framed it, Judge Barron, that's an interference claim, right? So man goes out of work for a week, doesn't call an employer, doesn't know where he is, fires him, and he says my wife gave birth to premature twins. I've been in the hospital 24-7. I need this time off. It's attorney leave. It's covered under the FMLA. Can't fire him for that reason. That's a violation of his prescriptive right to 12 weeks of FMLA leave. That's different from a retaliation case. But the retaliation claim here is under the interference provision or not? Textually, under our precedent. We're just considering the statute that talks about interference. So I understand it's the retaliatory aspect of the interference protection,  Am I wrong on that? You are wrong. Excuse me, Your Honor. But under Hodgins, this court has said it's under the same statutory section, 2615A1, but you've got interference claims, and they are analyzed thus, and you've got retaliation claims, and they are analyzed thus. Both claims were pled here. We've got to look at the fact that the only claim on appeal is retaliation. And in Hodgins, this court said, yeah, it comes from the same statutory language. It's a little weird. It's implicit, but we've got to analyze them differently. You need to have knowledge of the underlying protected activity. Which makes sense in the sense that retaliation is a form of intentional discrimination. That's right. And interference can be many different things. I think that's right, Your Honor. This court has held it under Title VII that the decision-maker cannot have retaliated against the person unless he or she knew of the person's underlying protected activity protected by that statute. This court has held it under Title VII, Americans with Disabilities Act, the Rehabilitation Act. Of course, we're going around in circles because the plaintiff would say that, well, the decision-maker did know of the protected activity. The protected activity was the absence from work, which was FMLA-eligible and for which FMLA had been requested. You say that the knowledge has to be that the leave is FMLA leave. That's right. And, again, that comes down to his, I think, somewhat understandable frustration that Judge Woodlock made a factual finding in his favor that the leave was a motivating factor in the termination decision and yet no legal liability. Putting aside the motivating factor causation standard, which is a separate issue, it comes down to what he's really mad about is that FECA doesn't prohibit retaliation under the Federal Workers' Compensation Law for federal employees. That's what he's mad about. That's where the remedy should have been. Well, a more general way to put it is he's mad about the fact that his employer gave him leave that the federal statute protects, and yet when people took steps to punish him for taking it, he has no protection against that. Well, he did have protection, Your Honor. His union grieved it, and he had an arbitration hearing. No, there's no protection under the statute that granted him the entitlement. He's now not protected against somebody. That's right, but he was... I understand the point, but I'm just saying that's why he's... It's not just that he's upset that he didn't get an under FECA. He's upset because he didn't get an FMLA because the FMLA protected this very thing, and yet he's being told he can't do anything about people then taking action that made it less pleasurable to have taken that leave. But he got his 12 weeks. They were not interfered with. He got seven months. Thank you. This decision guts the FMLA. Why are employers across the country not going to look at this and say, well, whenever we have a line supervisor, we're just not going to let them know that the leave is protected by the FMLA? Yeah. And as Judge Woodward said, this case is a one-off, so there's no systemic threat to employees' rights generally. Judge Slaya, I respectfully disagree wholeheartedly. I don't see how employers are not going to try to prevent... Well, it's so easy just to tell a manager not to open the mail when they get the designation notice. No, no, no, but that wouldn't be... If I understand the position, you could easily say you can't do that. You can't just blind yourself to it. But in the unusual circumstance where there is good reason to believe the leave was not FMLA-protected, even though it was, the supervisor who takes action against the leave on a mistaken understanding isn't violating the FMLA. That could be wrong, but if it's right, I don't see what the threat in all these other cases are because it would only arise in those circumstances in which the supervisor had some good reason to believe that the thing he was punishing the person for was not protected by the FMLA. The fact is that the current version of the FMLA is unpaid, so by its nature, it's often, often going to be used with paid benefits. And how easy is it to say, I'm sorry, I thought I was retaliating against you because you were on a vacation day, and I never opened my mail. And I think that this puts a lot of people at risk and creates a really perverse incentive to not learn about the FMLA, to not have people informed, and to not take seriously the obligations and the policy intensives of this law. And this case was brought under Section 2615A1, and that is interference, and that interference language does relate to retaliation claims, and for all these reasons, we ask that you reverse that trial decision. Thank you very much. Thank you.